LIPEZ, Circuit Judge,
concurring.
For the reasons set forth so clearly in Judge Selya’s opinion, I agree with my *11 colleagues that the district court palpably erred in its application of Local Rule 83.3 of the District of Massachusetts to the request of respondent Tenenbaum that Courtroom View Network be permitted to webcast the non-evidentiary motions hearing that was scheduled for January 22, 2009. Given the language of the rule, and the unmistakable grounding of that language in a policy adopted by the Judicial Conference of the United States, that request should have been denied.
However, this inescapable legal conclusion does not discredit the policy concerns that animated, at least in part, the district court’s decision. Indeed, in my view, there are no sound policy reasons to prohibit the webcasting authorized by the district court. Therefore, this case calls into question the continued relevance and vitality of a rule that requires such a disagreeable outcome.
When the motions hearing at issue occurs, only those physically present in the courtroom will hear the parties debate the merits of the motions before the district court. Ironically, however, almost immediately after the oral argument in this First Circuit mandamus proceeding ended, anyone with an internet connection could access a recording of that argument from our website. There is no meaningful difference between the type of oral argument that we make available to the public as a matter of course and the type of argument that would have been broadly accessible under the district court’s Order. See Capitol Records, Inc. v. Alaujan, 593 F.Supp.2d 319, 322 (D.Mass.2009) (limiting the applicability of the Order in this case permitting narroweasting to a motion hearing that would have “invoIve[d] only legal argument”). There are significant losses in this discrepancy.
“Courts have long recognized ‘that public monitoring of the judicial system fosters the important values of quality, honesty and respect for our legal system.’ ” In re Providence Journal Co., 293 F.3d 1, 9 (1st Cir.2002) (quoting Siedle v. Putnam Inv., 147 F.3d 7,10 (1st Cir.1998)). In our democratic society, “the knowledgeable tend to be more robustly engaged in public issues,” and “[ijnformation received by direct observation is often more useful than that strained through the media. Actually seeing and hearing court proceedings, combined with commentary of informed members of the press and academia, provides a powerful device for monitoring the courts.” Hamilton v. Accu-Tek, 942 F.Supp. 136, 138 (E.D.N.Y.1996).
Moreover, webcasting the legal arguments of counsel in a civil motions hearing does not implicate the concerns raised by televised trials.[1] Many judges worry that the presence of cameras in the courtroom and the enhanced publicity that cameras bring changes the nature of the trial process itself. Those fears do not realistically apply to a civil motions hearing where the judge considers and responds to the arguments of counsel. Also, there is no reason to fear the impact of webcasting on any future jury trial in this case. Trial judges can assure the seating of a fair and impartial jury with the application of familiar jury selection practices.
The Local Rule at the center of this controversy was adopted in 1990. Since its adoption, dramatic advances in communications technology have had a profound effect on our society. These new technological capabilities provide an unprecedented opportunity to increase public access to *12 the judicial system in appropriate circumstances. They have also created expectations that judges will respond sensibly to these opportunities. With its sweeping prohibition on the broadcasting or recording of district court proceedings, Local Rule 83.3 prevents such responses in civil cases. So too do the Policy of the Judicial Conference and the Resolution of the Judicial Council of the First Circuit that underlie the Local Rule. As the outcome of this proceeding demonstrates, the Rule, the Policy, and the Resolution should all be reexamined promptly.

. Rule 53 of the Federal Rules of Criminal Procedure prohibits "the taking of photographs in the courtroom during judicial proceedings or the broadcasting of judicial proceedings from the courtroom.” Fed. R.Crim.P. 53 (emphasis added).